37695.   TYSON *v.* NIMICK.

DECIDED JUNE 8, 1959—
REHEARING DENIED JUNE 24, 1959.

*D. C. Campbell, Jr., Frank F. Faulk, Jr.,* for plaintiff in error.
*Farkas, Landau & Davis, Edmund A. Landau, Jr.,* contra.

GARDNER, Presiding Judge. It is true, as contended by counsel for the defendant, that the alleged parol agreement between the parties, as set forth in the petition, as amended, was vague and indefinite in its terms; and that the former husband of the defendant, Wade T. Childress, should have been a party; and also that the plaintiff sued in this case for a breach and for damages resulting directly from a breach of this oral contract, and as within the contemplation of the parties, and there is no attempt by said plaintiff to sue the defendant and seek to recover upon a quantum meruit basis for the actual costs and expenses to which the plaintiff was put by reason of performing a portion of this alleged agreement made by him with the defendant and her former husband, Wade T. Childress, that is, for the damages and expenses incurred by reason of the plaintiff's cutting and removing a portion of the timber under said oral agreement.

It appearing that the contract, if there was an oral agreement, as contended by the plaintiff in the petition, as amended, between the plaintiff and the defendant, was a contract between the plaintiff, the defendant and her former husband, Wade T. Childress, who at the time owned one-half interest in the lands on which was growing the timber to be cut, that such agreement was too vague and indefinite, and that the former husband should have been a party to the suit, the general demurrers of the defendant (who alone was sued) were good, and the court did not err in sustaining them and dismissing the plaintiff's

petition, as amended. However, the plaintiff was entitled to recover for the cost and other expenses incurred by him in seeking to cut and remove such hardwood timber from the lands, now belonging to this defendant alone, and the benefit of which work of cutting and logging was received by the defendant alone, and an action might properly lie in favor of the plaintiff against this defendant for such costs and expenses as he incurred in cutting and logging this timber, the benefit of which flowed to the defendant. However, no such action is brought in this case.

This was a case wherein the plaintiff, if entitled to recover at all, was entitled to recover for the expenses and costs resulting from cutting said timber, caused by the failure of the defendant to permit the completion of this alleged agreement. See *Mimms v. Betts Co.,* 9 *Ga. App.* 718 (72 S. E. 271). Also see Code § 20-1407 showing that the damages properly recoverable are such as arise naturally and according to the natural course of things from the breach of an alleged contract.

In a proper case, it might be that the plaintiff could recover damages under the principle of law as set out under Code § 3-107, but this he does not seek to do in this case. See also Code §§ 20-1101 and 20-1407.

The court did not err in sustaining the general demurrers to the plaintiff's petition, as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*